### J. P. LAWRENCE ET AL. v. E. H. GRIFFEN.

Where there was proof that the principal maker of the notes applied to the plaintiff to borrow money, and that a loan of twenty-five per centum per annum was covered under the pretext of buying the notes, and afterwards extending the time for payment by buying other notes for interest at the same rate, until, by compounding, the sum first advanced was doubled in three years, it was error to tell the jury that it might be a fair, honest, and open transaction. (Paschal's Dig., Art. 3942, Note 932.)

Where there is an effort to cover usury, the court should penetrate beneath the lawful appearance, and reach the unlawful transaction.

For the law upon usury, it is not necessary to do more than to refer to the cases cited, note 932 of Paschal's Digest.

APPEAL from Dallas. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The suit was upon notes. The defendants plead usury. The facts are substantially stated in the opinion. The instruction assumed the possibility of a fair transaction, where twenty-five *per centum* interest, compounded every year, was charged for the use of money. The good lady thought she had avoided the statute by first *shaving* the notes, and then taking other notes for forbearance.

No brief for the appellant has been furnished to the *Reporter.*

*McCoy* and *Burford,* for appellees, insisted, that as no

errors were assigned, all were waived except such as went to the foundation of the action. (Wooten v. Manning, 11 Tex., 237; Salends v. Wright, 11 Tex., 573; Rankert v. Clough, 16 Tex., 9.) And that the jury, having found against usury upon conflicting evidence, the verdict will not be disturbed. (7 Tex., 556; 6 Tex., 636.)

LATIMER, J.—This is a suit by the appellee against the appellants, founded upon nine promissory notes, eight of which are for the sum of $100 each, and the other for the sum of $75. The defendants in the court below pleaded that the notes were given from time to time for the loan of money by the appellee to Lawrence, one of the appellants, and that large sums of usurious interest were reserved and entered into the amount for which the notes were executed.

The plaintiff below was the principal witness in the case, though no interrogatories appear to have been addressed to her by the defendants, nor does the record disclose any consent on the part of the defendants to receive her testimony. It was received, however, without any objection, and the testimony itself fully justifies the course taken by the counsel for the defendants below in not objecting to it. The testimony does not warrant the conclusion to which the jury came, that the dealings between the parties were not affected by the taint of usury. There was an application by the defendant below, Lawrence, to the plaintiff below, for a loan of money; the plaintiff replied, that she did not loan money, but would purchase notes; whereupon the defendant, Lawrence, after a short delay, presented five notes for $100 each, signed by himself and others, and for these five notes he received from the plaintiff the sum of four hundred dollars. At the end of twelve months, at which time the notes first given matured, they were delivered up to Lawrence, who gave to plaintiff below other notes for $625. This operation of taking up the old

xxx—26

notes and substituting new ones, with twenty-five per cent. interest added in, was repeated, until the debt amounted to $875, for which sum the notes sued on were executed.

Upon such a state of facts the court below ought not to have suggested to the jury that they might find the dealings of the parties nothing more than "a fair, honest, open transaction," in which the defendant, Lawrence, sold, and the plaintiff bought notes, and in which there was no usury. It is true, that a court will not, as a matter of law, declare a contract to be usurious unless it so appears on its face; and where the usury is not shown on the face of the contract, the question is for the jury. But the jury should always be fully instructed as to the law. Courts come short of their duty where they permit so transparent a fraud upon the law as this case presents to go unrebuked. In cases like the present one it is their duty to penetrate beneath the lawful semblance which the transaction wears, and to condemn the unlawful thing which seeks concealment. For the law on this subject it is not necessary to do more than to refer to the cases cited in note 932 of Paschal's Digest.

The verdict was contrary to the evidence, and the court erred in overruling the motion for a new trial; for which error the judgment is reversed, and the cause

REMANDED.